David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 382-2600

Attorneys for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| In the matter of: | Case No: BK-09-12938-BAM<br>Chapter 13 |
| Anthony R. Frisa and<br>Jane M. Frisa, | |
| Debtors. | Date: July 9, 2009<br>Time: 3:30 p.m. |

**MOTION TO VALUE DEBTORS' PRINCIPAL RESIDENCE AND AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOF(S) OF CLAIM, IF ANY**

Come Now Debtors, Anthony R. Frisa and Jane M. Frisa, by and through their legal counsel, David M. Crosby, Esq., of the law firm Crosby & Associates, who respectfully move this Court to value Debtors' principal residence, determine the junior lien of Wells Fargo Bank, to be wholly unsecured, to avoid said wholly unsecured lien and to modify the rights of said creditor accordingly including determining the claim (pursuant to proof(s) of claim which such lienholder may file or have filed) to be unsecured where there is insufficient equity in the residence to secure more than the first lien.

This Motion is brought pursuant to 11 U.S.C. §502(a), §506(a), §1322(b)(2), and Bankruptcy Rules 3012 and 9014, the Points and Authorities set forth below and

///

all documents and pleadings on file herein.

Dated this ___ day of June, 2009.

CROSBY & ASSOCIATES

By: _____
David M. Crosby, Esq.
Attorney For Debtors

- - - - - - - - - - - - -

**POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1. Debtors filed a Chapter 13 petition in the United States Bankruptcy Court, District of Nevada on March 4, 2009.

2. On the date of the petition, Debtors were the owners of real property used as their principal residence known and described as 4120 Park Street, Las Vegas, NV 89110 (Exhibit "1") legally described as:

> Lot Nineteen (19) in Block Two (2) of Treasure Park Unit No. 1, as shown by map thereof on file in Book 7 of Plats, page 19, in the Office of the County Recorder of Clark County, Nevada.

APN: 140-31-812-012

3. The value of said principal residence at the time their Chapter 13 Petition was filed was $80,000 as set forth more particularly in a written professional appraisal of subject property (Exhibit "2").

4. Said property at the time of filing was subject to the following liens evidenced by Promissory Notes and Deeds of Trust:

2

| | |
|---|---|
| First Mortgage: (Exhibit "3")<br>Wells Fargo Bank, N.A.<br>P.O. Box 30427<br>Los Angeles, CA 90030-0427<br>Loan # 0175403112 | $218,566.33 |
| Second Mortgage: (Exhibit "4")<br>Wells Fargo Bank, N.A.<br>P.O. Box 30427<br>Los Angeles, CA 90030-0427<br>Loan # 65065954580001 | $ 14,518.61 |

5.  As of the date Debtors' Chapter 13 Petition was filed no equity existed in said property above the claim of the first mortgage holder identified above. The claim of the second mortgage holder identified above was wholly unsecured on the date of the Petition and if said property were to be foreclosed or otherwise sold at auction on that date there would be insufficient proceeds to pay anything to the junior claim of Wells Fargo Bank.

6.  Debtor declares that the junior claim of Wells Fargo Bank is unsecured and should be reclassified as unsecured to share pro rata with other general unsecured creditors through the debtors' Chapter 13 plan with any proofs of claim filed by them modified accordingly to document the claim as unsecured, and that the junior lien filed by Wells Fargo Bank as identified above encumbering subject property be properly avoided by Order of this Court.

## II.

## LEGAL ARGUMENT

A.  **A Wholly Unsecured Lien Encumbering Debtors' Principal Residence May be Avoided Because Modification is Authorized/Not Prohibited by 11 U.S.C. § 1322(b)(2).**

11 U.S.C. §1322(b)((2) provides in pertinent part:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> * * * * *
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a

3

> security interest that is secured by an interest in real property that is the debtor's principal residence, .....

The claim by Wells Fargo Bank identified above has no security in Debtors' residence based on the fair market value of the property and as a result is not a "secured claim" as defined and therefore not restricted by this section.

**B.  The Claim by Lienholder May be Bifurcated into Secured and Unsecured Claims Pursuant to 11 U.S.C. §506(a).**

11 USC§ 506(a)(1) provides in pertinent part:

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority view in the various circuits, that a, wholly unsecured lienholder is not entitled to the protection of 11 U.S.C. §1322(b)(2). The Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2).

**C.  Any Proof of Claim Filed by Named Lienholders Should be Conformed by Order of This Court to any Modification of Their Rights Determined by This Court.**

11 U.S.C. §502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to. Debtors herewith have objected to any and all Proof(s) of Claim which may have been filed by Wells Fargo Bank and request that any Proof of Claim of same representing such claim

4

be modified according to unsecured claim consistent with the Order of this Court determining it's claim(s) to be wholly unsecured.

### III.
### CONCLUSION

Debtors request determination of value of Debtors' primary residence to be less than the amount of the first lien and argue that since the junior claim of Wells Fargo Bank is wholly unsecured it may be avoided and "stripped off" pursuant to 11 U.S.C. §1322(b)(2) and §506(a); that said claim of Wells Fargo Bank be reclassified as general unsecured claim to be paid pro rata with other general unsecured creditors through the debtors' Chapter 13 plan and that any Proof of Claim of the lienholder be modified accordingly.

WHEREFORE, Debtors pray that this Court:

1. Determine the value of Debtors' principal residence to be $80,000 or such other amount as may be less than the balance of the first lienholder as of the date of the Petition; and

2. Avoid and extinguish Wells Fargo Bank's wholly unsecured junior lien pursuant to 11 U.S.C. Section 506(a) upon completion of the Debtors' Chapter 13 plan; and

3. Reclassify the junior claim of Wells Fargo Bank as general unsecured claim to be paid pro rata with other general unsecured creditors through the Debtors' Chapter 13 plan.

4. Conform any Proof of Claim filed by Wells Fargo Bank to the unsecured status of said claim as determined by this Court.

///
///
///
///

5.  Order such other relief as the Court may deem appropriate.

Dated this 2nd day of June, 2009.

Respectfully Submitted:

CROSBY & ASSOCIATES

By: _____
David M. Crosby, Esq.
Attorney for Debtor(s)